09-5156-ag
Chang v. Holder

BIA
LaForest, IJ
A096 485 622

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 24th day of January, two thousand eleven.

PRESENT:
    JON O. NEWMAN,
    REENA RAGGI,
    DEBRA ANN LIVINGSTON,
        *Circuit Judges.*

_____

KOK WEE CHANG,
        *Petitioner,*

    v.                                      09-5156-ag
                                            NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Meer M. M. Rahman, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney General; Jennifer Levings, Senior Litigation Counsel; Dalin R. Holyoak, Trial Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

The Petitioner, Kok Wee Chang, a native and citizen of Malaysia, seeks review of a November 16, 2009, order of the BIA affirming the February 28, 2008, decision of Immigration Judge ("IJ") Brigitte LaForest pretermitting his application for asylum, and denying his application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Kok Wee Chang*, No. A096 485 622 (B.I.A. Nov. 16, 2009), *aff'g* No. A096 485 622 (Immig. Ct. N.Y. City Feb. 28, 2008). As Chang does not address the pretermission of his untimely asylum petition on appeal, we deem that issue forfeited. *See Yueqinq Zhang v. Gonzales*, 426 F.3d 540, 541 n.1 (2d Cir. 2005). In any event, we generally lack jurisdiction to review pretermission of an untimely application. *See* 8 U.S.C. § 1158(a)(3). In these circumstances we do not consider Chang's other arguments in support of his eligibility for asylum. We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we consider both

the IJ's and the BIA's opinions for the sake of completeness. *Jigme Wangchuck v. Dep't of Homeland Security*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Substantial evidence supports the IJ's determination that Chang failed to establish his eligibility for withholding of removal. Although Chang argues that he established his eligibility for withholding of removal based on "previous violence" he endured as a Buddhist and social tensions in Malaysia, the IJ reasonably found that the incidents of harassment Chang had suffered did not rise to the level of persecution and that he feared returning to Malaysia because it would be difficult to find a job and obtain medical care for his children. *See Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006) (providing that in order to constitute persecution, the alleged past harm must be sufficiently severe, rising above "mere harassment"). Because Chang failed to demonstrate that he suffered past persecution or articulate any likelihood of persecution on account of a protected ground, the IJ did not err in determining that Chang did not establish his eligibility for withholding of removal.

*See* 8 C.F.R. § 1208.16(b). We decline to address Chang's unexhausted arguments that there exists a pattern or practice of persecution against Buddhists in Malaysia and that he is eligible for relief based on his race. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119-20 (2d Cir. 2007).

The IJ also did not err in determining that Chang did not establish his eligibility for CAT relief. Chang's argument that the IJ failed to separately analyze his CAT claim is without merit, as the IJ explicitly found that he offered no testimony or evidence establishing a likelihood of torture upon his return to Malaysia. Moreover, despite Chang's bald assertion that the IJ's decision was not supported by the record, he points to no specific evidence that contradicts any of the IJ's findings, and we presume that the IJ "has taken into account all of the evidence before [her], unless the record compellingly suggests otherwise." *Xiao Ji Chen v. United States DOJ*, 471 F.3d 315, 337 n.17 (2d Cir. 2006). Thus, because Chang provided no evidence or testimony in support of his CAT claim and because that claim was based on the same factual predicate as his withholding of removal claim, the IJ reasonably determined that Chang failed to establish a likelihood of torture upon his return to Malaysia.

*See Kyaw Zwar Tun v. U.S. INS*, 445 F.3d 554, 567 (2d Cir. 2006)("[T]orture requires proof of something more severe than the kind of treatment that would suffice to prove persecution.").

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
